UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK S DRAGOS,

        Plaintiff,

v.

MICHAEL G CORNEA,

        Defendants.

Case No. C19-1338 JCC-TLF

ORDER GRANTING MOTION TO CONTINUE TRIAL DATE

This matter comes before the Court on defendant's motion to continue the trial date and to amend the scheduling order. Dkt. 47. The parties have fully briefed the issue. Dkt. 47, 51, 53. Based on the parties' briefing and the record, the Court GRANTS defendant's motion to continue trial date and amend the briefing schedule.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brings this negligence action alleging that he suffered significant injuries arising from an automobile collision with defendant. Dkt. 1-1. The Court has granted four previous motions to continue or extend the pretrial deadlines. Dkt. 21, 23, 26, 27, 37, 43, 44, 46. Defendant contends that defendant has requested plaintiff's tax and Social Security earning records and needs these documents to proceed with expert discovery. Dkt. 47 at 1-2, Dkt. 48 at ¶¶ 2-3 (Declaration of Eric Chavez). Plaintiff has authorized defendant to access these records and defendant has submitted this authorization to the IRS and Social Security Administration. Dkt. 47 at 1-2, 48 at ¶¶ 4-5.

ORDER GRANTING MOTION TO CONTINUE TRIAL DATE - 1

1  Defendant states that they have not received the records from the respective agencies
2  and anticipate that the current COVID pandemic will cause continued delays in
3  receiving the documents. Dkt. 47 at 1-2, 48 at ¶¶ 5-6.
4      Defendant is also seeking additional medical records and requested that plaintiff
5  sign an authorization for release of these medical records. Dkt. 47 at 2-3, 48 at ¶ 7.
6  Defendant states that, as of the date of the motion to continue, plaintiff had not signed
7  the authorization, so defendant was in the process of issuing subpoenas for these
8  records. Dkt. 47 at 3, 48 at ¶¶ 8. Finally, defendant has filed a motion to compel
9  plaintiff's phone records. Dkt. 49. Defendant is requesting a continuance to allow time to
10 complete necessary discovery. Dkt 47.
11     Plaintiff opposes defendant's motion. Dkt. 51. First, plaintiff argues that plaintiff
12 has produced some of plaintiff's tax and employment records. Dkt 51 at 5-6. Plaintiff
13 takes the position that these records are sufficient, and defendant should complete
14 expert discovery with the records currently available. Dkt. 51 at 6. Plaintiff also argues
15 that the medical records that defendant seeks are insubstantial and that defendant can
16 depose plaintiff's medical providers without these documents. Dkt. 51 at 6. Finally,
17 plaintiff argues that defendant has not shown good cause for waiting until now to seek
18 plaintiff's phone records. Dkt. 51 at 6.
19                              DISCUSSION
20     Pursuant to Fed. R. Civ. P. 16(b)(4) a scheduling order may only be modified for
21 good cause and with the Court's consent. "Rule 16(b)'s 'good cause' standard primarily
22 considers the diligence of the party seeking the amendment." *Johnson v. Mammoth*
23 *Recreations,* 975 F.2d 604, 609 (9th Cir. 1992). The Court may modify the pretrial
24
25

schedule if the moving party could not reasonably meet the deadlines despite the party's diligence. *Id*. While the Court may consider whether the opposing party will be prejudiced by the extension of time, the focus of the inquiry is whether the moving party was diligent. *Johnson*, 975 F.2d at 609. Further, mere failure to complete discovery within the time allowed does not constitute good cause for an extension. LCR 16(b)(6).

Based on the record before the Court, it appears that defendant has been diligent in seeking discovery. The parties have stipulated to provide plaintiff's employment and union records dating back to October 2009. Dkt. 52 at ¶ 2 (Declaration of James Gooding). However, plaintiff did not have ten years of IRS and Social Security records. *Id*. Accordingly, defendant is attempting to access the requested documents from the appropriate agencies. Due to the year-long and continuing impact of the COVID-19 pandemic, the respective agencies have been unable to produce the necessary documents. The delays in accessing information are beyond the control of the parties, and not due to a lack of diligence.

Additionally, plaintiff argues that defendant has not shown good cause for extension of time regarding the additional medical evidence that defendant seeks. Defendant received plaintiff's expert declaration in August of 2020. Dkt. 52 at ¶ 4. Defendant requested that plaintiff sign an authorization for the release of additional medical evidence relevant to these medical experts in October of 2020. Dkt. 48 at ¶ 7. Plaintiff did not sign the authorization to access the medical evidence until February 8, 2021. Dkt. 52 at ¶ 3. Accordingly, plaintiff did not authorize defendant to access the medical records until sixteen days before the current discovery deadline. Therefore, it

ORDER GRANTING MOTION TO CONTINUE TRIAL
DATE - 3

does not appear that defendant could reasonably access the relevant medical records and conduct expert depositions before the discovery deadline.

Based on the foregoing discussion, the Court finds good cause to grant an extension of the discovery deadline and to amend the pretrial schedule. The Court GRANTS defendant's motion (Dkt. 47) and amends the scheduling order as follows:

| Event | Date |
| --- | --- |
| Motions related to discovery | May 28, 2021 |
| Close of discovery | June 4, 2021 |
| Dispositive motions deadline | July 2, 2021 |
| Mediation cut-off date | July 2, 2021 |
| Motions in limine | July 16, 2021 |
| Agreed pretrial order due | August 13, 2021 |
| Trial briefs, trial exhibits and jury instructions due | August 20, 2021 |
| Jury Trial to be held over 4 days, at 9:30 AM | August 30, 2021 |

Dated this 5th day of March, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING MOTION TO CONTINUE TRIAL DATE - 4